IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN R. DEMOS,

           Plaintiff,

v.                                   CIVIL ACTION NO. 2:20-cv-00366

DONALD J. TRUMP, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Complaint* (Document 2) and the *Motion and Affidavit to Proceed in Forma Pauperis* (Document 1). On May 29, 2020, this Court ordered that the above-styled matter be referred to the Honorable Omar Aboulhosn (Document 3). The Court **ORDERS** that said referral be **WITHDRAWN.** For the reasons stated herein, the Court finds that the Complaint should be dismissed.

**DISCUSSION**

On May 28, 2020, the Plaintiff, an inmate at the Washington State Penitentiary, filed a complaint against Defendants Donald Trump, Mike Pence, and Mitch McConnell, alleging that they were "inept and unprepared in handling the COVID-19 crisis" and that it placed the Plaintiff in "imminent danger." (Compl. at 4.) The Plaintiff further alleged that the "unconstitutional vagueness of the [United States] Constitution places [the Plaintiff's] life in imminent danger" and that "[t]he 13th Amendment to the [United States] Constitution is unconstitutionally vague as to the District of Columbia's place in the scheme of things." (Compl. at 6-7.) As relief, the Plaintiff

seeks damages for mental, physical, psychological, social, moral, and emotional pain in the amount of $4,000,000.

Pursuant to 28 U.S.C. § 1915, a court shall dismiss a case filed by a prisoner proceeding in forma pauperis if, at any time, the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[;] . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  Moreover, a "civil action in which a defendant is an officer or employee of the United States" may "be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).

When a case has been filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406.  The plaintiff bears the burden of demonstrating that venue is proper, and "must make a prima facie showing, absent an evidentiary hearing, or demonstrate proper venue by a preponderance of the evidence, if the court hears evidence."  *Walters v. Siemens Indus., Inc.*, No. 5:16-cv-06045, 2016 WL 6806347, at *3 (S. D. W.Va. Nov. 16, 2016).

The Plaintiff is an inmate at Washington State Penitentiary, alleging that his constitutional rights were violated as a result of the Defendants' handling of the COVID-19 pandemic. The Plaintiff has failed to make the requisite prima facie showing that venue is proper in this judicial district. Neither the Plaintiff nor any of the Defendants reside in this judicial district. The Plaintiff, who is complaining of the handling of COVID-19 at a penitentiary in Washington State, has not alleged that any of the events or omissions giving rise to the claim occurred within this district. Similarly, there is no showing that the Defendants are subject to this Court's personal jurisdiction with respect to this action. Therefore, this matter must be dismissed for improper venue.

In addition, the Plaintiff is subject to the pre-filing injunction for inmates who have filed three or more cases that have been dismissed as frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g). The Plaintiff has filed an abundance of cases which have been dismissed on those grounds. See *Demos v. McConnell*, No. 3:20-cv-290-HEH, 2020 WL 2091787, at *1 (E. D. Va. Apr. 30, 2020) ("Demos has scores of actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief could be granted."); *Demos v. Keating*, 33 F. App'x 918, 919-20 (10th Cir. 2002). The Plaintiff's attempt to file in venues with no connection to his allegations, particularly in light of such prior frivolous litigation, is an apparent abuse of process and the complaint must be dismissed.

## CONCLUSION

WHEREFORE, after careful consideration the Court **ORDERS** that the Complaint be **DISMISSED WITHOUT PREJUDICE** and that this matter be stricken from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 8, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA